UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAOLO VICENTINI, LUIGI VICENTINI, ANDREA DELLA VALLE, MARCO TESINI, DANIELA MAZZOLENI GALBIATI, and FRANCESCA TESINI,<br><br>         Plaintiffs,<br><br>v.<br><br>TILLSTER, INC., PERSE FAILY, PAUL PAPPAJOHN, and DOES 1–10,<br><br>         Defendants. | Case No.: 22-cv-1148-L-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND STRIKE [ECF No. 7]**<br><br>**(2) GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS [ECF No. 12]**<br><br>**(3) DENYING MOTION TO STRIKE [ECF No. 13]** |

Pending before the Court is Defendant Perse Faily and Defendant Paul Pappajohn's motion to dismiss and strike portions of the amended complaint. (ECF No. 7.) Plaintiffs Paolo Vicentini, Luigi Vicentini, Andrea Della Valle, Marco Tesini, Daniela Mazzoleni Galbiati, and Francesca Tesini (collectively, "Plaintiffs") opposed, (ECF No. 11), and Faily and Pappajohn replied, (ECF No. 16). Also pending before the Court are Defendant Tillster, Inc.'s ("Tillster") motions to dismiss the amended complaint, (ECF No. 12), and to strike the amended complaint, (ECF No. 13). Plaintiffs opposed, (ECF No. 17), and Tillster replied, (ECF No. 18). The Court decides the matters on the papers submitted and without oral argument. *See* Civ. L. R. 7.1(d.1). The Court has jurisdiction to decide the present matters pursuant to 28 U.S.C. § 1332. For the reasons stated below, both motions to dismiss are granted in part and denied in part, and the motions to strike are denied.

I. **JUDICIAL NOTICE**

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). When "matters outside the pleading

are presented to and not excluded by the court," the 12(b)(6) motion converts into a motion for summary judgment. Fed. R. Civ. P. 12(d). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Tillster requests judicial notice of documents that are incorporated by reference in the complaint which the Court may properly consider without taking judicial notice. (ECF No. 12-1.) Faily and Pappajohn request judicial notice of Tillster's certificate of incorporation and an amendment thereof. (ECF No. 8.) The Court finds these documents suitable for judicial notice and grants the requests. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of matters of public record." (quotation omitted)).

## II.  INTRODUCTION

### A.  Factual Background

According to the allegations in the amended complaint, Tillster, a Delaware corporation, acquired Kudzu Interactive Inc., also known as Snapfinger, in or about 2013 or 2014. (ECF No. 4, at 2, 3.) At that time, Plaintiffs Paolo Vicentini, Luigi Vicentini, and Andrea Della Valle were shareholders of Snapfinger and had invested over one million dollars. (*Id.*) The Snapfinger shareholders had the option of selling their stock to Tillster or converting their Snapfinger stock to Tillster stock. (*Id.* at 3–4.)

Shortly after the acquisition, Faily, the Chief Executive Officer of Tillster, and Pappajohn, a board member of Tillster, met with Plaintiffs[1] to convince them to invest in Tillster. (*Id.* at 4.) Faily and Pappajohn represented, among other things, that Defendants

---

[1] Renato Tesini was the original investor in Tillster along with Paolo Vicentini, Luigi Vicentini, and Andrea Della Valle but Renato died in 2018 and his estate was divided between his wife and two sons, who are Plaintiffs to the present matter. (Id. at 4, 6.)

would provide quarterly updates about Tillster's operations. (*Id.*) In reliance on these representations, Plaintiffs agreed to invest in Tillster. (*Id.*) Each Plaintiff's investment was split between actual Tillster shares and a convertible note in the form of Subordinated Secured Convertible Promissory Notes ("Notes"). (*Id.*)

On December 23, 2015, Tillster and Plaintiffs entered into the First Amendment to the Notes. (*Id.* at 5.) This amendment extended the maturity date of the Notes to June 15, 2016, and provided that future extensions could be made by Tillster and one of their investors, SRBA #1 L.P. ("SRBA"), without Plaintiffs' consent. (*Id.*) SRBA and Tillster subsequently entered into the Fourth Amendment to the Notes extending the maturity date to February 1, 2017. (*Id.* at 5–6.) Although not specifically mentioned in the amended complaint, Tillster and SRBA also entered into Fifth and Sixth Amendments to the Notes which ultimately extended the maturity dates to June 30, 2017. (ECF No. 12-1, at 74–111.)

Plaintiffs allege that Defendants failed to provide the promised quarterly updates, received only partial information, and generally had few communications with Defendants until February 2022. (ECF No. 4, at 5–6.) On February 22, 2022, Plaintiff Andrea Della Valle sent a letter to Faily requesting Tillster provide a list of information. (*Id.* at 6.) Plaintiffs sent a formal demand for information on April 8, 2022. (*Id.* at 7–8.) Between May 6, 2022, and May 26, 2022, Plaintiffs' counsel and Tillster's counsel engaged in a series of phone and email communications regarding the information requested. (*Id.* at 9.) Tillster provided minimal documents on June 21, 2022 but have since failed to further provide nine categories of documents. (*Id.* at 11.) Plaintiffs claims arise out of Defendants' alleged failure to provide information and false representations, which have resulted in over three million dollars of damages. (*Id.* at 12.)

**B.     Legal Claims**

Plaintiffs now bring the following claims: (1) inspection of corporate records against Tillster; (2) breach of contract against Tillster; (3) breach if the implied covenant of good faith and fair dealing against Tillster; (4) breach of fiduciary duty against all Defendants; (5) fraudulent misrepresentation against all Defendants; (6) negligent misrepresentation

against all Defendants; and (7) fraudulent concealment against all Defendants. (ECF No. 4.) Tillster moves to dismiss the inspection of corporate records claim pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction and the remaining claims under Rule 12(b)(6) for failure to state a claim. (ECF No. 12.) Faily and Pappajohn move to dismiss all claims against them under Rule 12(b)(6). (ECF No. 7.) In the event any of their claims are dismissed, Plaintiffs request leave to amend. (ECF No. 11, at 22–23; ECF No. 17, at 25.)

## III. DERIVATIVE VS. DIRECT

As a threshold matter, Faily and Pappajohn argue that the present suit is a derivative action rather than a direct action. (ECF No. 7-1, at 11–15.) The Court addresses this issue first as "[t]he decision whether a suit is direct or derivative may be outcome-determinative." *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1036 (Del. 2004).

### A. Applicable Law

To start, a court looks to the law of the sate of incorporation in determining whether a claim is direct or derivative. *Lapidus v. Hecht*, 232 F.3d 679, 682 (9th Cir. 2000). Accordingly, the Court applies Delaware law to determine whether the present action is direct or derivative in nature.

### B. Legal Standard

To determine whether an action is direct or derivative in nature, the court must ask two questions: "Who suffered the alleged harm—the corporation or the suing stockholder individually—and who would receive the benefit of the recovery or other remedy?" *Tooley*, 845 A.2d at 1035. To bring a direct action for a breach of fiduciary duty, "[t]he stockholder must demonstrate that the duty breached was owed to the stockholder and that he or she can prevail without showing an injury to the corporation." *Id.* at 1039.

Additionally, "a party to a commercial contract may sue to enforce its contractual rights directly, without proceeding by way of a derivative action." *NAF Holdings, LLC v. Li & Fung (Trading) Ltd.*, 118 A.3d 175, 179 (Del. 2015). The question then is: "[D]oes

the plaintiff seek to bring a claim belonging to her personally or one belonging to the corporation itself?" *Id.* at 180.

Lastly, tort claims sounding in fraud are "[q]uintessential examples of personal claims" that may be brought in a direct action. *In re Activision Blizzard, Inc. S'holder Litig.*, 124 A.3d 1025, 1056 (Del. Ch. 2015).

### C. Analysis

In bringing a claim for breach of fiduciary duty based on a failure to provide Plaintiffs information, Plaintiffs are not alleging harm to the corporation generally. Plaintiffs are specifically alleging that Faily and Pappajohn breached their duties when they failed to provide Plaintiffs with information that they were promised, and information concerning Plaintiffs' rights as shareholders. (ECF No. 4, at 16.) This alleged breach is specific to Plaintiffs and the Court does not see how the corporation would be harmed by Faily and Pappajohn's failure to provide Plaintiffs with quarterly updates. Any recovery for injuries suffered by Plaintiffs due to lack of information would flow to Plaintiffs, not the corporation.

The same goes for Plaintiffs' claims arising out of breach of the Notes. The Notes bestowed contractual rights on the Plaintiffs personally. By claiming that Tillster breached the Notes by failing to pay them, Plaintiffs are seeking to enforce their own contractual rights, i.e. the right to payment under the Notes, and not rights belonging to the corporation.

Plaintiffs claims for breach of fiduciary duty and contract-related claims, in combination with Plaintiffs' tort claims that assert fraud perpetrated on them personally, all lend towards the conclusion that the present action is direct rather than derivative in nature. The Court declines to dismiss this action at the pleading stage based on Plaintiffs' failure to properly plead facts supporting a derivative action.

### IV. LEGAL STANDARDS

#### A. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

A 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain, in part, "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6). The plausibility standard demands more than "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a 12(b)(6) motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). However, a court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

**B.** **Motion to Dismiss Under Federal Rule of Civil Procedure 9(b)**

In addition to meeting the pleading demands of Rule 8, Federal Rule of Civil Procedure 9(b) requires a plaintiff bringing a claim grounded in fraud to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003). The allegations of fraud must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotations omitted). This is accomplished by describing the "who, what, when, where, and how" of the charged misconduct. *Vess*, 317 F.3d at 1106 (quotation omitted). While "mere conclusory allegations of fraud are insufficient," *Moore v. Kayport Package*

*Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989), "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally," Fed. R. Civ. P. 9(b).

## V. DISCUSSION

### A. First Cause of Action—Inspection of Corporate Records

Plaintiffs make their demand for inspection of corporate records pursuant to title 8, section 220(c) of the Delaware Code. (ECF No. 4-2, at 2.) Section 220(c) vests the Delaware Court of Chancery "exclusive jurisdiction to determine whether or not the person seeking inspection is entitled to the inspection sought." Tillster argues that any claim made under this section must be brought before the Delaware Court of Chancery and this Court therefore lacks jurisdiction over this claim. (ECF No. 14.) This argument is unavailing.

Delaware courts have clarified that "[w]hen a Delaware state statute assigns exclusive jurisdiction to a particular Delaware court, the statute is allocating jurisdiction among the Delaware courts. The state is not making a claim against the world that no court outside of Delaware can exercise jurisdiction over that type of case." *IMO Daniel Kloiber Dynasty Tr.*, 98 A.3d 924, 939 (Del. Ch. 2014). Furthermore, this Court has jurisdiction over the present matter pursuant to 28 U.S.C. § 1332. A finding that this Court lacks jurisdiction over the inspection claim would directly contravene the Supremacy Clause of the United States Constitution. *See* U.S. Const. art. VI ("[T]he Laws of the United States . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."); *Lincoln Cnty. v. Luning*, 133 U.S. 529, 531 (1890) ("[N]o statute limitation of suability can defeat a jurisdiction given by the constitution."). To be sure, even the Full Faith and Credit Clause of the United States Constitution does not go so far as to strip a court of jurisdiction over a cause of action created by another state. *Tennessee Coal, Iron & R. Co. v. George*, 233 U.S. 354, 360 (1914) ("[J]urisdiction is to be determined by the law of the court's creation, and cannot be defeated by the extraterritorial operation of a statute of another state, even though it created the right of action."). Thus, Tillster's motion to dismiss the first cause of action is denied.

### B.  Second Cause of Action—Breach of Contract

Plaintiffs first claim that Tillster breached the Notes by failing to pay amounts owed plus interest, and then claim that Tillster breached the Corporate Documents, as defined in the complaint, by refusing to provide information to Plaintiffs.  (ECF No. 4, at 14.)  Tillster moves to dismiss Plaintiffs' breach of contract claim on grounds that the breach of the Notes claim is time-barred, and the claim for failure to provide information is insufficiently pled.  (ECF No. 12, at 14–15.)

#### 1.  Applicable Law

The Notes and subsequent amendments contain provisions designating Delaware law as the law governing the rights and obligations of the parties.  (*See* ECF No. 12-1, at 24, 43, 50, 57, 64, 70, 76, 83, 90, 98.)  As federal courts must apply the choice-of-law rules prevailing in the state where they are located, this Court applies California's choice-of-law rules.  *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).  California courts generally enforce choice-of-law provisions unless the chosen state has no substantial relationship to the parties or the transaction, and the chosen state's law is contrary to California's fundamental public policy.  *Nedlloyd Lines B.V. v. Superior Ct.*, 834 P.2d 1148, 1151–52 (1992).  Tillster is incorporated in the state of Delaware and the parties do not point to any violation of public policy in applying Delaware law.  Therefore the Court applies Delaware law to the breach of contract claim.

#### 2.  Statute of Limitations

A statute of limitations defense may be raised in a motion to dismiss, and a claim may be dismissed as untimely "[w]hen the running of the statute is apparent from the face of the complaint."  *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980).  "[S]uch a motion to dismiss should be granted 'only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'"  *Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987) (quoting *Conerly*, 623 F.2d at 119).

Tillster argues that the last maturity date of the Notes cited by Plaintiffs in their complaint is February 1, 2017, and Plaintiffs did not file this case until August 4, 2022. (ECF No. 12, at 15.) Therefore, according to Tillster, Plaintiffs' claim runs afoul of the three-year statute of limitations for breach of contract claims under Delaware law. (*Id.*); *see also* Del. Code Ann. Tit. 10, § 8106(a) (stating breach of contract claims are subject to a three-year limitation). Plaintiffs respond that in a May 4, 2022 email, Faily acknowledged the debt Tillster owed to Plaintiffs on the Notes. (ECF No. 17, at 14.) Plaintiffs assert that this email, in combination with the fact that Tillster was in control of the maturity dates of the Notes, is an admission by Tillster that the maturity dates of the Notes had not expired at the time of the email, making this claim timely. (*Id.*)

The Court is not in a position to make factual determinations regarding the maturity date of the Notes at this juncture. Without a definite maturity date, it is not clear from the face of the complaint that the statute of limitations has expired. Thus the Court declines to dismiss Plaintiffs' breach of contract claim on timeliness grounds.

Tillster does not challenge the sufficiency of the pleading concerning the alleged breach of the Notes, only its timeliness. (*See* ECF No. 12, at 14–15.) Accordingly, the breach of contract claim survives the motion to dismiss and the Court need not address Plaintiffs' alternative theory of liability. *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically . . . in a single count . . . . If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.").

**C.** **Third Cause of Action—Breach of the Implied Covenant of Good Faith and Fair Dealing**

Tillster argues that Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing should be dismissed because Plaintiffs essentially restate the same allegations supporting their breach of contract claim. (ECF No. 12, at 15.) Plaintiffs contend that implied in the Notes was a good faith obligation on Defendants to keep

Plaintiffs informed and in not doing so, Tillster frustrated the fruits of the bargain that Plaintiffs reasonably expected. (ECF No. 17, at 17.)

### 1. Applicable Law

As with the breach of contract claim, Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing concerns Plaintiffs' rights and obligations under the Notes and is therefore subject to the governing law provision of the Notes. Thus the Court applies Delaware law.

### 2. Legal Standard

"To sufficiently plead a breach of the implied covenant of good faith and fair dealing, a complaint must allege a specific implied contractual obligation, a breach of that obligation by the defendant, and resulting damage to the plaintiff." *Baldwin v. New Wood Res. LLC*, 283 A.3d 1099, 1117–18 (Del. 2022). "General allegations of bad faith conduct are not sufficient. Rather, the plaintiff must allege a specific implied contractual obligation and allege how the violation of that obligation denied the plaintiff the fruits of the contract." *Kuroda v. SPJS Holdings, L.L.C.*, 971 A.2d 872, 888 (Del. Ch. 2009).

### 3. Analysis

Plaintiffs state in their third cause of action that Tillster breached the Corporate Documents by "refusing to provide information to Plaintiffs and refusing to permit Plaintiffs to exercise their rights under the Corporate Documents." (ECF No. 4, at 15.) Liberally construing Plaintiffs' complaint such that they allege an implied contractual obligation for Defendants to provide them information, Plaintiffs do no allege how the withholding of such information denied Plaintiffs the benefit of the bargain. Moreover, Plaintiffs' allegation that Defendants refused to allow Plaintiffs to exercise their rights under the Corporate Documents, which is composed of contracts between the parties, would itself constitute a breach of contract and therefore cannot provide the basis for a claim for breach of the implied covenant of good faith and fair dealing. *Dunlap v. State Farm Fire & Cas. Co.*, 878 A.2d 434, 441 (Del. 2005) ("Existing contract terms control, however, such that implied good faith cannot be used to circumvent the parties' bargain,

or to create a free-floating duty unattached to the underlying legal document." (quotation omitted)).  Tillster's motion to dismiss Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing is granted with leave to amend.  *See Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) ("Leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." (quotation omitted)).

### D. Fourth Cause of Action—Breach of Fiduciary Duty

Plaintiffs contend that Faily and Pappajohn, as an officer and director of Tillster respectively, owe Plaintiffs certain fiduciary duties including the duty to keep Plaintiffs informed about Tillster's status and about information concerning their rights as shareholders. (ECF No. 4, at 16.)  Plaintiffs claim that Faily and Pappajohn breached these duties when Faily and Pappajohn failed to keep Plaintiffs informed about Tillster's status, whether the maturity dates on the Notes changed, and whether other fundraises occurred.[2]  (*Id.*)

#### 1. Applicable Law

California law employs the "internal affairs doctrine" which requires a court to apply the law of the state of incorporation in matters concerning the internal affairs of the corporation. *State Farm Mut. Auto. Ins. Co. v. Superior Ct.*, 8 Cal. Rptr. 3d 56, 64 (2003); *see also* Cal. Corp. Code § 2116.  A claim for breach of fiduciary duty falls under the California internal affairs doctrine.  Cal. Corp. Code § 2116 ("The directors of a foreign corporation transacting intrastate business are liable . . . for . . . violation of official duty according to any applicable laws of the state or place of incorporation or organization, whether committed or done in this state or elsewhere.").  Accordingly, the Court applies Delaware law to the breach of fiduciary duty claim.

---

[2] Tillster argued that a breach of fiduciary duty claim cannot be brought against a corporation, (ECF No. 12, at 17), and the Plaintiffs agreed to dismiss the breach of fiduciary duty claim as to Tillster only, (ECF No. 17, at 9 n.3).  Therefore the Court grants Tillster's motion to dismiss as to the fourth cause of action without leave to amend.

### 2. Legal Standard

"A claim for breach of fiduciary duty requires proof of two elements: (1) that a fiduciary duty existed and (2) that the defendant breached that duty." *Beard Rsch., Inc. v. Kates*, 8 A.3d 573, 601 (Del. Ch. 2010), *aff'd sub nom. ASDI, Inc. v. Beard Rsch., Inc.*, 11 A.3d 749 (Del. 2010). Directors of a Delaware corporation owe two fiduciary duties: care and loyalty. *Stone ex rel. AmSouth Bancorporation v. Ritter*, 911 A.2d 362, 370 (Del. 2006). "[C]orporate officers owe fiduciary duties that are identical to those owed by corporate directors." *Gantler v. Stephens*, 965 A.2d 695, 708 (Del. 2009).

"[T]he duty of disclosure is not an independent duty, but derives from the duties of care and loyalty." *Pfeffer v. Redstone*, 965 A.2d 676, 684 (Del. 2009) (quotation omitted). "In the absence of a request for stockholder action," the duty of disclosure "does not require directors to provide shareholders with information concerning the finances or affairs of the corporation." *Malone v. Brincat*, 722 A.2d 5, 11 (Del. 1998). However, the duty of disclosure requires that when directors communicate with shareholders, even outside of seeking shareholder action, directors must communicate with honesty. *Id.* at 10. When a shareholder claims breach of duty based on false statements not made in connection with a request for shareholder action, the shareholder must show reliance, causation, and damages. *See id.* at 12; *Dohmen v. Goodman*, 234 A.3d 1161, 1168 (Del. 2020) ("[W]hen directors seek stockholder action, and the directors fail to disclose material facts bearing on the decision, a beneficiary need not demonstrate other elements of proof—reliance, causation, or damages.").

### 3. Analysis

Plaintiffs do not bring their claim for breach of fiduciary duty in connection with a request for shareholder action. Thus Faily and Pappajohn did not have a duty to provide Plaintiffs with information concerning Tillster's status or their rights as shareholders. Faily and Pappajohn only had a duty to communicate with honesty.

Although not included under their cause of action for breach of fiduciary duty, Plaintiffs allege elsewhere in the complaint that "the limited information that Defendants

provided to them about Tillster from time to time in 2014–2015 was false." (ECF No. 4, at 17, 18.)  But Plaintiffs do not provide any further information about these alleged false statements; namely, whether they relied on those statements and what damages the statements caused.  Without alleging reliance, causation, or damages, Plaintiffs' claim for breach of fiduciary duty cannot stand.  Faily and Pappajohn's motion to dismiss is granted with leave to amend as to the fourth cause of action.

### E. Fifth, Sixth, and Seventh Causes of Action—Fraud Claims

Plaintiffs' claims for fraudulent and negligent misrepresentation are based on Defendants' alleged representations that they would provide quarterly updates on Tillster and that they would repay Plaintiffs' Notes in conjunction with SRBA's repayment.  (ECF No. 4, at 17, 18.)  Plaintiffs also claim that the limited information that Defendants provided to them in 2014–2015 was false.  (*Id.*)  In support of their fraudulent concealment claim, Plaintiffs state that Defendants intentionally failed to disclose certain facts relating to Plaintiffs' status as shareholders and intentionally concealed all information relating to the Notes, including the amount of money owed.  (*Id.* at 19.)

#### 1. Applicable Law

While it is unclear at first blush whether California or Delaware law would apply to Plaintiffs' tort claims, under California choice-of-law rules "[t]he fact that two states are involved does not in itself indicate that there is a 'conflict of laws' or 'choice of law' problem."  *Hurtado v. Superior Ct.*, 522 P.2d 666, 669 (1974).  "There is obviously no problem where the laws of the two states are identical."  *Id.*  For this reason, as discussed in more detail below, the Court need not resolve this choice-of-law issue.

#### 2. Legal Standard

Under both California and Delaware law, claims for fraudulent and negligent misrepresentation and fraudulent concealment all require a plaintiff to show that they were damaged by the defendant's tortious actions.  *See In re Wayport, Inc. Litig.*, 76 A.3d 296, 325 (Del. Ch. 2013) ("[T]he fraudulent misrepresentation must actually cause harm."); *Steinman v. Levine*, 2002 WL 31761252, at *15 (Del. Ch. Nov. 27, 2002) ("To successfully

assert a claim for negligent misrepresentation [the plaintiff] must adequately plead that . . . the plaintiff suffered a pecuniary loss caused by justifiable reliance upon the false information."), *aff'd*, 822 A.2d 397 (Del. 2003); *Beckwith v. Dahl*, 141 Cal. Rptr. 3d 142, 161 (Ct. App. 2012) ("A plaintiff asserting fraud by misrepresentation is obliged to establish a complete causal relationship between the alleged misrepresentations and the harm claimed to have resulted therefrom." (quotation omitted)); *Nicolet, Inc. v. Nutt*, 525 A.2d 146, 149 (Del. 1987) ("To establish a prima facie case of intentional misrepresentation (fraudulent concealment), the following elements must be proven: . . . (4) Causation; and (5) Damages resulting from the concealment."); *Boschma v. Home Loan Ctr., Inc.*, 198 Cal. App. 4th 230, 129 Cal. Rptr. 3d 874, 890 (2011) ("The elements of an action for fraud and deceit based on concealment are: . . . (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." (quotation omitted)).

### 3. Analysis

Under each of the three fraud claims, Plaintiffs state:

> Defendants are liable for any loss or damages, subject to proof, suffered by Plaintiffs as a result of Defendants' misconduct. Plaintiffs cannot ascertain at this time the full nature, extent or amount of damages suffered as a result of Defendants' misconduct, but, Paolo, Luigi and Andrea are informed and believe, and on that basis allege that it is not less than $3,000,000.

(ECF No. 4, at 17, 19.) Plaintiffs fail to plead any causal connection between the Defendants' alleged misrepresentations or concealment and the damage that they claim to have suffered. Notably absent are any facts that indicate how Plaintiffs were damaged by their investments that they made in reliance on the alleged misrepresentations, or how they were damaged by being kept in the dark about their Notes. Furthermore, Plaintiffs merely allude to receiving false information but neglect to plead any resulting injury. In sum, Plaintiffs did not sufficiently plead the essential elements of causation and damages to sustain claims for fraud. Accordingly, Defendants' motions to dismiss are granted with leave to amend as to Plaintiffs' fifth, sixth, and seventh causes of action.

## VI. MOTIONS TO STRIKE

Defendants move to strike assertions for punitive damages in the fourth, fifth, sixth, and seventh causes of action based on Defendants' alleged "willful, oppressive, fraudulent and/or malicious actions." (ECF No. 7-1, at 26–31; ECF No. 13, at 6–9.) Defendants also move to strike Plaintiffs' prayer for attorneys' fees, arguing that Plaintiffs failed to allege any facts that establishing an entitlement to attorneys' fees. (ECF No. 7-1, at 31–32; ECF No. 13, at 9.)

### A. Legal Standard

A Rule 12(f) motion to strike allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are 'generally disfavored . . . because of the limited importance of pleadings in federal practice.'" *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015) (quoting *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)). Consequently, "[m]otions to strike are generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation." *Alegre v. United States*, No. 16-CV-02442-AJB-KSC, 2021 WL 5750859, at *2 (S.D. Cal. Dec. 2, 2021). "Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike." *Rivera v. Jeld-Wen, Inc.*, No. 21-CV-01816-AJB-AHG, 2022 WL 3219411, at *8 (S.D. Cal. Aug. 9, 2022). "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (citing *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000)).

### B. Discussion

First, having held that Plaintiffs' fourth, fifth, sixth, and seventh causes of action should be dismissed for failure to state a claim, the Court denies as moot Defendants' motions to strike the claims for punitive damages. Second, according to the complaint, the Notes provide that if an action is instituted to collect on the Notes, Tillster promises to pay

all costs and expenses, including reasonable attorneys' fees, in connection with such action. (ECF No. 4, at 5.) By way of this provision Plaintiffs have sufficiently pled grounds to recover attorneys' fees and the Court denies Defendants' motions to strike Plaintiffs' prayer for attorneys' fees.

## VII. CONCLUSION

For the foregoing reasons, the Court holds as follows:

(1) Tillster's motion to dismiss is **DENIED** as to the first cause of action for inspection of corporate records.

(2) Tillster's motion to dismiss is **DENIED** as to the second cause of action for breach of contract.

(3) Tillster's motion to dismiss is **GRANTED with leave to amend** as to the third cause of action for breach of the implied covenant of good faith and fair dealing.

(4) Tillster's motion to dismiss the fourth cause of action for breach of fiduciary duty is **GRANTED without leave to amend**.

(5) Faily and Pappajohn's motion to dismiss the fourth cause of action for breach of fiduciary duty is **GRANTED with leave to amend**.

(6) Defendants' motions to dismiss are **GRANTED with leave to amend** as to the fifth cause of action for fraudulent misrepresentation, sixth cause of action for negligent misrepresentation, and seventh cause of action for fraudulent concealment.

(7) Defendants' motions to strike are **DENIED**.

**IT IS SO ORDERED.**

Dated: May 19, 2023

Hon. M. James Lorenz
United States District Judge